# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 17-1338V**
**Filed: August 13, 2019**
UNPUBLISHED

| | |
|---|---|
| CRIS D. SALAZAR,<br><br>Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>Respondent. | Special Processing Unit (SPU); Attorneys' Fees and Costs |

*Anthony G. Lopez, Anthony G. Lopez, Attorney at Law, Taos, NM, for petitioner.*
*Claudia Barnes Gangi, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

On September 26, 2017, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that after receiving the trivalent influenza vaccine on October 12, 2015, she suffered the Table Injury of shoulder injury related to vaccine administration ("SIRVA"). Petition at ¶ 1. On December 20, 2018, the undersigned issued a decision awarding compensation to petitioner based on the respondent's proffer. ECF No. 39.

[1] The undersigned intends to post this decision on the United States Court of Federal Claims' website. **This means the decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On February 14, 2019, petitioner filed a motion for attorneys' fees and costs. ECF No. 43.[3] Petitioner requests attorneys' fees in the amount of $47,512.15 and attorneys' costs in the amount of $2,499.61. *Id.* at 3. In accordance with General Order #9, petitioner's counsel represents that petitioner incurred no out-of-pocket expenses. ECF No. 47. Thus, the total amount requested is $50,011.76.

On February 28, 2019, respondent filed a response to petitioner's motion. ECF No. 44. Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 requires respondent to file a response to a request by a petitioner for an award of attorneys' fees and costs." *Id.* at 1. Respondent adds, however, that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." *Id.* at 2. Respondent "respectfully recommends that the Court exercise its discretion and determine a reasonable award for attorneys' fees and costs." *Id.* at 3.

Petitioner did not file a reply.

The undersigned has reviewed the billing records submitted with petitioner's request and finds a reduction in the amount of requested fees to be appropriate for the reasons listed below

## I. Legal Standard for Awarding Attorney's Fees and Costs

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates

[3] On May 30, 2019, Petitioner filed a Request for Hearing Notice to schedule a hearing with the Chief Special Master and counsel for Respondent to determine the amount of attorney's fees and costs to be awarded. ECF No. 45. Upon review of petitioner's request, it came to the attention of the staff attorney managing the case that petitioner had filed their request for fees incorrectly. *See Informal Remark* June 10, 2019. Petitioner refiled their motion on June 11, 2019. ECF No. 46. There were no changes from petitioner's originally filing. Respondent stated they stand by their original response.

charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. at 482, 484 (1991). She "should present adequate proof [of the attorneys' fees and costs sought] at the time of the submission." *Id.* at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S., at 434.

## II. Attorney Fees

### A. Hourly Rates

Petitioner requests the rate of $350 per hour for all time billed by her attorney Anthony G. Lopez, and $75.00 per hour for time billed by Mr. Lopez's paralegal. ECF No. 43 at 2. Mr. Lopez has been a licensed attorney in the state of New Mexico for 40 years. *Id.* at 34. The undersigned finds the requested rates reasonable and awards them herein.

### B. Paralegal Tasks at Attorney Rates

Upon review of the attorney fee invoices, petitioner requests 5.7 hours of compensation for tasks billed by Mr. Lopez that are considered more paralegal in nature. Examples include:

- April 19, 2018 (2 hrs) "Prepare Exhibits 16 and 17 and Notice of Filing Medical Records"
- May 25, 2018 (1.0 hr) "Prepare notice of Filing Medical Records and Exhibit 18"
- December 20, 2018 (1.0 hr) "Prepare Exhibit 21 and 22"

ECF No. 46 at 8-9 and 11.

Attorneys may be compensated for paralegal-level work, but at a rate that is comparable to what would be paid for a paralegal. *See, e.g. Doe/11 v. Sec'y of Health & Human Servs*., No. XX-XXXV, 2010 WL 529425, at *9-10 (Fed. Cl. Spec. Mstr. Jan. 29, 2010) (citing *Missouri v. Jenkins*, 491 U.S. 274, 288 (1989)); *Mostovoy v. Sec'y of Health & Human Servs.*, No. 02-10V, 2016 WL 720969, at *5 (Fed. Cl. Spec. Mstr. Feb. 4, 2016); *Riggins. v. Sec'y of Health & Human Servs.*, 99-382V, 2009 WL 3319818, at *20-21 (Fed. Cl. Spec. Mstr. June 15, 2009); *Turpin v. Sec'y of Health & Human Servs.*, No. 99-535, 2008 WL 5747914, at *5-7 (Fed. Cl. Spec. Mstr. Dec. 23, 2008). The undersigned reduces the rate for these tasks from the attorney rate of $350 per hour to the paralegal rate of $75 per hour. This results in an overall reduction of attorney fees in the amount of **$1,567.50**.[4]

[4] This amount consists of $350 - $75 = $275 x 5.7 hrs = $1,567.50.

C. Excessive Hours Billed

The undersigned also finds that petitioner's award of attorney's fees includes excessive billing. The Vaccine Act provides broad discretion to special masters in determining a reasonable amount of fees and costs. *See* § 15(e)(1). While petitioner is entitled to an award of attorney's fees, the undersigned finds that the total number of hours billed by Mr. Lopez regarding preparation of the petition, records chronology, and time spent on the demand to be excessive. For example, Mr. Lopez spent 24 hours in preparing the 10-page petition, 13 hours on medical records chronology and another 6.5 to review the medical records, and 15 hours preparing the demand. Although these tasks are appropriate tasks billed by the attorney, the undersigned deems a reduction of the amount hours spent on the tasks appropriate. The hours spent preparing the petition will be reduced to 5 hours, the amount spent on chronology is reduced to 2.5 hours, and the amount of time spent preparing the demand is reduced to 8 hours. The undersigned will award the full 6.5 hours of time billed for medical record review.

Additionally, Mr. Lopez spent 14.5 hours on medical and program research. "[I]t is inappropriate for counsel to bill time for educating themselves about basic aspects of the Vaccine Program." *Matthews v. Sec'y of Health & Human Servs.*, No. 14-1111V, 2016 WL 2853910, at *2 (Fed. Cl. Spec. Mstr. Apr. 18, 2016). "An inexperienced attorney may not ethically bill his client to learn about an area of law in which he is unfamiliar. If an attorney may not bill his client for this task, the attorney may also not bill the Program for this task." *Carter v. Sec'y of Health & Human Servs.*, No. 04-1500V, 2007 WL 2241877, at *5 (Fed. Cl. Spec. Mstr. July 13, 2007). However, some of this time is described as medical research which may have been more specific to this case. Thus, the undersigned will allow 5 hours of this time. In the future, petitioner's counsel should not bill for this type of basic research and should provide more detail regarding the tasks performed in future billing records.

The undersigned wishes to address the amount of time billed for smaller tasks such as emails, reviewing court document filings and notices. In Mr. Lopez's billing, the minimum amount of time billed per hour is a .20, which equates to 12 minutes of time. Mr. Lopez billed a minimum time entry of .20 hour for reviewing emails, reviewing court notifications, minute entries, as well receipts for filing. In the undersigned's experience, these tasks can be successfully reviewed in 6 minutes or an hourly entry of .10 hrs. Therefore, the undersigned reduces the entries as follows:

- 66 entries at 0.20 hrs will be reduced to 0.10 hrs each
- 5 entries at 0.30 hrs will be reduced to 0.20 hrs each
- 1 entry at 0.50 hrs will be reduced to 0.10 hrs
- 1 entry at 0.30 hrs will be reduced to 0.10 hr

In total, the undersigned reduces the request for attorney's fees in the amount of **$18,795.00** for excessive billing.[5]

D. Duplicate Billing for Notification Review

The undersigned notes duplicated entries are listed within the invoices provided. records. These entries consist of multiple reviews of the same notifications and filings. They include the following; November 30, 2017 (0.20 hours) "Review Scheduling Order – Special Processing Unit" and April 7, 2018 (0.20 hrs) "Review Status Report." ECF No. 46 at 8. On the dates listed there were no orders or reports filed, therefore there should not be a billing entry for review on these dates. An order was filed on November 22, 2017 and time was billed for review as well as time billed to review Respondent's status report on March 23, 2018. *Id.* at 12 and 16. The duplicate billing for these entries will not be reimbursed, for a reduction of **$70.00**.[6]

## III. Attorney Costs

Like attorney's fees, a request for attorney's costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.,* 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total reimbursement of costs in the amount of $2,4996.61, which includes charges for medical records, filing the petition, faxes, copies and postage charges. However, the undersigned finds it necessary to reduce the request for costs for the reasons listed below.

A. Non-Compensable Costs

Petitioner requests reimbursement of $27.13 in costs listed as "Facsimiles" and $236.26 listed as "Scans." ECF No. 43 at 15. These costs are better categorized as overhead expenses inherent in operating law firm and thus not compensable. *Bourche v. Sec'y of Health & Human Servs.,* No. 15-232V, 2017 WL 2480936, at *5 (Fed. Cl. May 11, 2017). Reimbursement for the costs associated with faxes and scans is denied, resulting in a reduction of attorney costs requested in the amount of **$263.39**.

B. Copy Costs

Petitioner also requests reimbursement for black and white copies at $0.20 per page and color copies at $1.00 per page. *Id.* The court does not differentiate a difference in the color of printing. The costs per page for the color printing shall be

[5] This amount consists of (24 hrs – 5 hrs = 19 hrs x $350 = $6,650) + (13 hrs – 2.5 hrs = 10.5 hrs x $350 = $3,675) + (14.5 hrs – 5 hrs = 9.5 hrs x $350 = $3,325) + (15 hrs – 8 hrs = 7 hrs x $350 = $2,450) + (13.2 hrs x $350 = $4,620.00/2 = $2,310) + (1.5 hrs – 1 hrs = 0.5 hrs x $350 =$175) + (0.50 hrs – 0.10 hrs = 0.4 hrs x $350 = $140) + (0.3 hrs – 0.1 hrs = 0.2 hrs x $350 = $70) = $18,795.00.

[6] This amount consists of the already reduced hours of 0.1 each entry by Mr. Lopez's hourly rate. 0.20 x $350 = $70.00.

reduced to $0.20 per page, resulting in a reduction of attorney costs in the amount of **$12.80**.[7]

## IV. Conclusion

Based on the reasonableness of petitioner's request, the undersigned **GRANTS IN PART** petitioner's motion for attorneys' fees and costs as follows:

| | |
|---|---|
| Attorney Fees Requested: | $47,512.15 |
| Less paralegal tasks at attorney rate: | - 1,567.50 |
| Less hours for excessive billing: | - 18,795.00 |
| Less duplicated billing entries: | - 70.00 |
| Adjusted NM Tax at 8.5%: | + 2,301.77 |
| Total Attorney Fees Awarded: | $29,381.42 |
| | |
| Attorney Costs Requested: | $ 2,499.61 |
| Less Faxes and Scans: | - 263.39 |
| Less per page copy adjustment: | - 12.80 |
| Adjusted NM Tax at 8.5% | + 189.00 |
| | $ 2,412.42 |
| **Total Attorney Fees and Costs awarded:** | **$31,793.84** |

**Accordingly, the undersigned awards the total of $31,793.84[8] as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel Anthony G. Lopez.**

[7] This amount consists of $1.00 - $0.20 = $0.80 x 16 pgs. = $12.80.

[8] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.,* 924 F.2d 1029 (Fed. Cir.1991).

The clerk of the court shall enter judgment in accordance herewith.[9]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

[9] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.